# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BALIN, on behalf of Joe Grumbine,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, et al.,<br><br>Respondents. | Case No. CV 12-10034-PSG (SP)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION |

On November 21, 2012, petitioner Melissa Balin, proceeding pro se on behalf of the People of California on behalf of Joe Grumbine, filed what appears to be a Petition for Writ of Habeas Corpus on behalf of a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). The Petition names the Superior Court of the State of California as respondent and Sheriff Leroy Baca as real party in interest. Petitioner seeks Joe Grumbine's immediate release from custody based on alleged outrageous government misconduct, apparently in connection with a bail revocation hearing.

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and

any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because petitioner lacks standing to bring the Petition on behalf of Joe Grumbine, who is apparently a prisoner in state custody.

A federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990). A litigant demonstrates standing by showing that he has suffered an injury in fact that can be fairly traced to the challenged action and is likely to be redressed by a favorable judicial decision. *Id.* at 155.

"It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citation omitted). Consequently, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id.* This Court's Local Rule 83-2.10.2 expressly prohibits a pro se litigant from delegating his representation to any other person. Thus, because Melissa Balin is not a lawyer authorized to practice in this Court, she may not pursue relief on behalf of Joe Grumbine through the instant Petition. *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney acting in pro per may not appear or seek relief on behalf of others).

Further, there is no indication that Melissa Balin has sought or obtained "next friend" status. The concept of "next friend" standing in habeas corpus proceedings is codified in 28 U.S.C. § 2242. Section 2242 states that an

"[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Generally, a "next friend" appears in court on behalf of a prisoner who is unable, usually because of mental incompetence or inaccessibility, to seek relief for himself. *Whitmore*, 495 U.S. at 162.

In *Whitmore*, the United States Supreme Court recognized the concept of "next friend" standing and explained that the next friend does not become a party to the action but "simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163. "Next friend" petitions have been filed in a variety of contexts, but they have been utilized almost exclusively on behalf of capitally sentenced defendants. *See, e.g., Demosthenes v. Baal*, 495 U.S. 731, 110 S. Ct. 2223, 109 L. Ed. 2d 762 (1990) (per curiam); *Lenhard v. Wolff*, 443 U.S. 1306, 100 S. Ct. 3, 61 L. Ed. 2d 885 (1979); *Evans v. Bennett*, 440 U.S. 1301, 99 S. Ct. 1481, 59 L. Ed. 2d 756 (1979).

There are at least two prerequisites before a person will be granted "next friend" standing under § 2242. *Whitmore*, 495 U.S. at 163. First, the "next friend" must provide an adequate explanation, such as lack of access to the court, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf to prosecute the action. *Id.*; *see also Brewer v. Lewis*, 989 F.2d 1021, 1025-26 (9th Cir. 1993) ("next friend" must clearly establish by meaningful evidence that the detained person is incompetent to assert his own rights). Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. *Whitmore*, 495 U.S. at 163. It has also been suggested that the "next friend" have some significant relationship with the real party in interest. *Id.* at 163-64.

The burden to establish the propriety of his or her status is on the proposed

3

"next friend." *Id.* at 164. As a result, a habeas petition must set forth some reason or explanation for the need to resort to the use of a "next friend." *Martinez v. Mitchell*, No. 1:09-cv-241-OWW-DLB (HC), 2009 WL 381969, at *2 (E.D. Cal. Feb. 13, 2009) (citing *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978)). "It is clear that a 'next friend' may not file a petition for writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Id.* (citing *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989)).

There is nothing in the instant Petition to indicate what Melissa Balin's relationship is to Joe Grumbine, or why she has filed it on behalf of him. Further, the Petition contains no showing that Joe Grumbine is incompetent or otherwise unable to file a petition on his own behalf. Accordingly, on November 28, 2012, the Court issued an Order to Show Cause why the Petition should not be dismissed for lack of standing, among other defects.

On December 26, 2012, petitioner filed her response to the Order to Show Cause. In the response, petitioner acknowledges she is not an attorney. She asserts that one of Joe Grumbine's daughters has confirmed that petitioner has standing to asserts claims on behalf of Grumbine's minor grandchildren, who have been traumatized by his incarceration, and who are too young to file their own petition. But petitioner has not even claimed that Joe Grumbine is unable to file a petition on his own behalf. Petitioner further asserts standing based on harms she claims to have suffered due to police misconduct, and baldly contends that she is unable to recover from her post traumatic stress disorder while respondents continue to fail to comply with the law.

The only matter that may properly be at issue in any habeas petition is whether a prisoner is being held in custody in violation of the Constitution. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)

("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Thus, Joe Grumbine's grandchildren do not have a claim at issue in the Petition, so whether petitioner might have standing as their "next friend" is irrelevant. Petitioner has not shown any basis to be granted "next friend" standing on behalf of Joe Grumbine, whose incarceration is the only matter at issue in the Petition. Petitioner also has not shown that she has suffered an injury likely to be redressed if Joe Grumbine is released from custody. Accordingly, the Petition must be dismissed for lack of standing.

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: __January 9, 2013

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

5